IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR143 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| HARLEY D. TYNDALL, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 69, 70). The government's objections are supported by a brief (Filing No. 71). The Defendant has filed a motion for downward departure or deviation (Filing No. 70). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

**OBJECTIONS TO PSR**

*Government*

The government objects to ¶¶ 24-43 (Defendant's version of the offense), ¶¶ 47 and 54 (lack of adjustment for obstruction of justice), and 48 and 56 (inclusion of adjustment for acceptance of responsibility).

The objections to ¶¶ 24-43 are denied, as the Court is not at liberty to change the Defendant's version of the offense.

The objections to ¶¶ 47 and 54 (lack of upward adjustment for obstruction of justice) are granted. In light of the Defendant's trial testimony, a two-level upward adjustment under U.S.S.G. § 3C1.1 is appropriate.

The objections to ¶¶ 48 and 56 (awarding credit for acceptance of responsibility) are granted. Based on the history of this case and the Defendant's trial testimony, the Defendant is not entitled to a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). This conclusion was reached after consideration of the factors listed in application note 1 to § 3E1.1, and in particular the factor described at application note 1(a) regarding the existence of a truthful admission of the conduct comprising the offense. Moreover, this case does not meet the description of the "rare case" set out in application note 2 in which a defendant clearly accepts responsibility by going to trial to assert and preserve issues unrelated to factual guilt.

***Defendant***

The Defendant objects to ¶¶ 50 (base offense level), and 51 (enhancement resulting from the age of the victim).

The objection to ¶ 50 (application of U.S.S.G. § 2A3.1(a) as opposed to U.S.S.G. § 2A3.2(a)) is denied. The offenses of conviction charged in Count I of the Indictment, 18 U.S.C. §§ 1153 and 2243(a), initially lead to § 2A3.2(a) and its corresponding base offense level of 18. However, because this case involves an intoxicated victim unable to apprise the nature of the conduct and incapable of declining participation in or communicating unwillingness to engage in the conduct, the cross reference appearing in § 2A3.2(c)(1) applies and results in the application of § 2A3.1(a) with a corresponding base offense level of 30. The application of § 2A3.1(a) is appropriate despite the Defendant's acquittal of Count II charging him with sexual abuse under 18 U.S.C. § 2242(2)(A) & (B). *United States v. Benais,* 460 F.3d 1059, 1063-64 (8th Cir. 2006) (applying § 2A3.1(a) in a case involving an intoxicated victim despite the dismissal of a count filed under 18 U.S.C. §

2241(b)(2) (aggravated sexual abuse) and the jury's failure to reach a verdict under a count filed pursuant to 18 U.S.C. § 2241(b)(1) (aggravated sexual abuse)).

The objection to ¶ 51 (2-level enhancement for a victim at least 12 but not yet 16 years old) is denied. The Defendant argues that because the victim's minority is already accounted for as an element of the crime charged that the enhancement pursuant to § 2A3.1(b)(2)(B) results in double counting under the sentencing guidelines. The Eighth Circuit defines "impermissible double counting" as use of the guidelines to increase punishment due to a harm that has already been accounted for by application of *another guideline section*. *United States v. Jones,* 440 F.3d 927, 929 (8th Cir.), *cert. denied,* 127 S. Ct. 130 (2006). The precise argument raised in the instant case has been rejected for the reason that the age of a victim is not implicated in assigning a base offense level under § 2A3.1(a). *United States v. Beith,* 407 F.3d 881, 887-88 (7th Cir. 2005).[1]

### *Summary*

In conclusion, in light of the above discussion the Court's tentative findings, absent a downward departure or variance, are: the base offense level is 30; a 2-level upward adjustment pursuant to § 2A3.1(b)(2)(B) (age of victim) applies; a 2-level upward adjustment for obstruction of justice pursuant to § 3C1.1 applies; the adjusted offense level is 34; credit for acceptance of responsibility pursuant to § 3E1.1(a) is not warranted; the

---

[1]The defendant in *Beith* had a stronger argument than Tyndall has in this case. In *Beith,* the victim's age was also used to invoke the cross reference, U.S.S.G. § 2A3.2(c)(1), which lead to the application of § 2A3.1(a), resulting in increasing the base offense level from 18 to 30. In Tyndall's case, however, the factor that triggered the application of the cross reference and subsequent application of § 2A3.1(a) was not the victim's age but rather the victim's intoxication and her resulting inability to apprise the nature of the conduct, decline participation in or communicate unwillingness to engage in the conduct. (PSR, ¶ 50.)

total offense level is 34; the advisory sentencing guideline range is 188-235 months based on total offense level 34 and criminal history category III; and the fine range is $17,500 to $175,000.

**DOWNWARD DEPARTURE OR DEVIATION**

The Defendant moves for a downward departure based on extraordinary family responsibilities pursuant to U.S.S.G. § 5H1.6, over statement of criminal history pursuant to U.S.S.G. § 4A1.3.

The motion will be heard at sentencing. With respect to the alleged over statement of criminal history, the Court notes that the Defendant's prior convictions occurred several years ago over a period of more than 2 years. However, all three offenses are alcohol-related. Alcohol also played a role in the instant offense. In arguing the motion, defense counsel is requested to specifically address the alcohol issue.

IT IS ORDERED:

1. The government's objections to the Presentence Investigation Report (Filing No. 69) are denied as to ¶¶ 24-43 and granted as to ¶¶ 47-54 (obstruction of justice) and 48-56 (acceptance of responsibility);

2. The Defendant's objections to the Presentence Investigation Report (Filing No. 70) are denied;

3. The Defendant's motion for downward departure or variance (Filing No. 70) will be heard at sentencing;

4. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6.  Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final; and

7.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge